UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
RONALD SMILEY,

               Petitioner,           **MEMORANDUM and ORDER**

     — against —                          05-CV-1446 (SLT)

DALE ARTUZ,

               Respondent.
------------------------------------------------------X
**TOWNES, United States District Judge:**

       There are currently two issues before this Court relating to the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. First, by order dated May 22, 2008, this Court raised the issue of whether this petition was timely filed or barred by the one-year limitation set forth in 28 U.S.C. § 2244(d)(1). Second, in a one-page letter dated January 14, 2008, petitioner seeks to stay this action and to hold it in abeyance until his motion pursuant to section 440.10 of New York's Criminal Procedure Law is resolved in State court. For the reasons set forth below, this Court holds that this action is timely, but that this Court cannot grant a stay or abeyance on the strength of petitioner's one-page letter.

*BACKGROUND*

       On March 10, 2005, petitioner Ronald Smiley commenced this action by placing a *pro se* petition for a writ of habeas pursuant to 28 U.S.C. § 2254 (the "Petition") in the mailbox at Clinton Correctional Facility, the New York State prison in which he was then incarcerated. That Petition challenged petitioner's November 3, 2000, conviction in the Supreme Court of the State of New York, Queens County, on two counts of attempted murder in the second degree, one count each of assault in the first, second, and third degrees and criminal possession of a weapon in the second degree in connection with the shooting of petitioner's former girlfriend, Shamika Lindsey, and her brother, Kevin Lindsey. The Petition specifically alleged that

petitioner's conviction had been affirmed by the Appellate Division of the New York Supreme Court on March 3, 2003, and that petitioner had been denied leave to appeal to the New York Court of Appeals on May 29, 2003 (Petition at ¶ 9), but did not indicate that petitioner had sought a writ of certiorari from the United States Supreme Court.

In January 2008, long after respondent had filed his return to the Petition, petitioner informed this Court that he was in the process of litigating a motion pursuant to section 440.10 of New York's Criminal Procedure Law ("CPL"). *See* Letter to Clerk of Court and Hon. Sandra L. Townes from Ronald Smiley, dated Jan. 14, 2008. Petitioner requested that this Court stay this habeas proceeding and hold it in abeyance pending decision of the CPL § 440 motion. *Id*. In addition, petitioner implied that he might move to amend the Petition after the CPL § 440 motion proved unsuccessful.

In the course of reviewing the instant Petition in May 2008, this Court ascertained that petitioner's conviction had become final on August 27, 2003, and that the instant petition was not filed until March 10, 2005[1] – 195 days after expiration of the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254(d)(1). Although the Petition alleged that petitioner had applied for a writ of error coram nobis on October 20, 2003, and that the Appellate Division of the New York Supreme Court had denied that application on March 22, 2004, it was unclear whether that application had been pending for sufficient time to make the Petition timely. It was also unclear whether there were facts that would justify equitable tolling of the one-year limitation period. Accordingly, on

---

[1]Although the Petition was not received by the Court until March 17, 2005, it is deemed to have been filed when it was placed in the prison mailbox. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

May 22, 2008, this Court issued an order directing petitioner to show cause why his Petition should not be dismissed as untimely.

Petitioner has now responded to the order to show cause. Petitioner does not allege any basis for equitable tolling, but provides evidence to establish the dates on which he filed, and received a decision relating to, his application for a writ of error coram nobis. Specifically, petitioner attaches a copy of an affirmation filed by a prosecutor in opposition to petitioner's application to appeal the denial of his CPL § 440 motion, in which the prosecutor states that petitioner's petition for a writ of error coram nobis was dated on October 20, 2003. *See* Petitioner's Affirmation dated June 5, 2008, Ex. A, at ¶ 15. Petitioner also attaches a copy of the Appellate Division's March 22, 2004, Decision and Order denying his application for a writ of error coram nobis, *see id.*, Ex. B, but does not include the prosecution's Notice of Entry or the affidavit of service which accompanied that Notice of Entry.

## DISCUSSION

*Timeliness*

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" towards the one-year period of limitation set forth in § 2244(d)(1). "[A] state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, ___, 127 S.Ct. 1079, 1083 (2007) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)). In other words, "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures."

Petitioner and respondent agree that the application for a writ of error coram nobis was

3

filed on October 20, 2003, and was denied by an order of the Appellate Division dated March 22, 2004. *See* Petitioner's Affirmation dated June 5, 2008, at 1and Ex. A, at ¶ 15. According to CPL § 460.10(5)(a), petitioner had "thirty days after service upon [him] of a copy of the order" in which to make application for a certificate granting leave to appeal to the New York Court of Appeals. According to section 670.12(f) of the Rules of Procedure of the Appellate Division, Second Judicial Department, '[s]ervice of a copy of an order . . . required by CPL 460.10(5)(a) shall be made pursuant to . . . [section] 2103" of New York's Civil Practice Law and Rules ("CPLR"). 22 N.Y.C.R.R. 670.12(f).

CPLR § 2103 permits service upon a party through various means, including service by mail. *See* CPLR § 2103(c). Service by mail is complete upon mailing. CPLR § 2103(b)(2). However, "where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period." *Id*. Therefore, if the prosecution served petitioner with the Appellate Division's March 22, 2004, Decision and Order by mail, petitioner would have 35 days from the date of service in which to apply for a certificate granting leave to appeal to the New York Court of Appeals.

Although the affirmation which petitioner submitted in response to this Court's order to show cause does not indicate the time or manner in which he was served with a copy of the Appellate Division's March 22, 2004, Decision and Order, this Court has ascertained that the prosecution served this order and a Notice of Entry on petitioner by mail on March 29, 2004. Petitioner had 35 days from that date – or until May 3, 2004 – in which to seek leave to appeal to the Court of Appeals. Petitioner's application for a writ of error coram nobis was, therefore, "pending" from October 20, 2003, to May 3, 2004 – a total of 196 days.

As previously noted, petitioner's conviction became final on August 27, 2003 – 90 days

after the New York Court of Appeals denied petitioner leave to continue his direct appeal. *See Williams v. Artuz*, 237 F. 3d 147, 150-51 (2d Cir. 2001); Sup. Ct. R. 13(1). The Petition for a Writ of Habeas Corpus in this case was not filed until March 10, 2005 – 561 days later. However, 28 U.S.C. § 2244(d)(2) dictates that the 196 days in which petitioner's application for a writ of error coram nobis was pending in the State court shall not be counted for purposes of calculating the one-year limitation period under the AEDPA. Deducting the 196 days from the 561 days, this Court concludes that the instant Petition was barely timely, having been filed on the very last day before the one-year period of limitation expired.

*Petitioner's Request for a Stay*

Since this action is timely, this Court must now address petitioner's request for a stay of these proceedings pending resolution of the appeal of petitioner's CPL § 440 motion. As recently as March 2005, stays of the sort that petitioner seeks were routinely granted in this Circuit pursuant to *Zarvela v. Artuz*, 254 F.3d 374, 481 (2d Cir. 2001). However, on March 30, 2005, the United States Supreme Court imposed new restrictions with respect to the use of the "stay and abeyance" procedure. In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that, while district courts have discretion to grant stays, "stay and abeyance should be available only in limited circumstances." *Id.*, 544 U.S. at 277, 125 S.Ct. at 1535. Specifically, the Supreme Court held that a stay should be granted only if a petitioner can show "good cause" for failing to exhaust all available State remedies earlier and, even then, only if the unexhausted claims are not "plainly meritless." *Id.*

In light of *Rhines*, this Court cannot grant a stay and hold these proceedings in abeyance on the strength of petitioner's one-page letter dated January 14, 2008. If petitioner wishes to seek a stay and abeyance, he must file another application, demonstrating "good cause" for his

failure to raise previously the claim he is now litigating in State court. In addition, he must explain the basis of his CPL § 440 motion with sufficient particularity to enable this Court to make an independent determination that those claims are not "plainly meritless."

In determining when and whether to re-apply for stay and abeyance, petitioner may wish to consider whether the claim raised in his CPL § 440 motion can be raised in this action. In order to raise that claim, petitioner will have to move to amend the Petition in this case pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). Under Rule 15, amendments to a pleading (here, the Petition) may not be made after the statute of limitations has run unless the amendment relates back to the date of the original pleading.

Rule 15(c)(2) provides that an amendment of a pleading relates back to the date of an original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." As the Supreme Court noted in *Mayle*, relation back under Rule 15(c)(2) "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.*, 545 U.S. at 659. An amended habeas petition, therefore, "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.*, at 650.

## *CONCLUSION*

For the reasons set forth above, this Court concludes that the instant Petition is timely. However, petitioner's request to stay this action and to hold it in abeyance pending the outcome of petitioner's appeal from the denial of his CPL § 440 motion is denied. Petitioner may renew his application for stay and abeyance by serving and filing an affirmation which (1) explains

what claim petitioner is seeking to exhaust in State court and (2) demonstrates "good cause" for petitioner's failure to exhaust this claim sooner.

      SO ORDERED.

Dated: Brooklyn, New York
       November 26, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge